IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-038 |
| | * | |
| TYRONE BOBO JOHNSON | * | |

**O R D E R**

Defendant Tyrone Bobo Johnson has sent a letter to the undersigned judge that will be construed as a motion for "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration, the Court denies Johnson's request for relief.

As an initial matter, Johnson speaks in terms of releasing him to home confinement. However, designation of an inmate's place of confinement is within the absolute discretion of the Bureau of Prisons ("BOP"). E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).) Accordingly, the Court has no authority to direct that Johnson's remaining sentence be served on home confinement.

On the other hand, the compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a district court to grant release to a defendant in "extraordinary and compelling circumstances." Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release in the district court. The First Step Act modified 18 U.S.C. § 3582(c)(1)(A) to allow *a defendant* to move a federal district court for compassionate release, but only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, Johnson has made no showing that he has exhausted his administrative remedies as required prior to seeking relief in the district court. For this reason, the Court must deny Johnson's motion.

Moreover, in consideration of Johnson's request for compassionate release, this Court may only reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that such reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C.

§ 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S.S.G. § 1B1.13. The application note to this policy statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C). A fourth catch-all category provides: "**As determined by the Director of the Bureau of Prisons**, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D) (emphasis added).

In this case, the only possible applicable category into which Johnson may fall is a qualifying medical condition, particularly since the Director of the BOP has not determined he is eligible for relief. Johnson, however, bears the burden of demonstrating that compassionate release is warranted. Cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (in the context of a motion to reduce under § 3582(c)(2)). Here, Johnson states that he is a "chronic care inmate" who suffers from high blood pressure. To qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory, U.S.S.G. § 1B1.13, app. note 1(a)(i), or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide self-care within the environment of a

3

correctional facility and from which he or she is not expected to recover," id., app. note 1(a)(ii). Johnson presents no medical evidence that he meets either of these criteria. Instead, his argument seems to be that he will likely meet the criteria *if* he contracts COVID-19. Yet, again, Johnson provides no medical evidence to show the impact that COVID-19 would have upon him individually. In fact, the Government has provided Johnson's inmate medical records which indicate that while Johnson tested positive for COVID-19, he was asymptomatic and was discharged from isolation on May 13, 2020. (Gov't Resp. in Opp'n, Doc. 66, Ex. A, at 1, 36.) In fact, a couple of days before this discharge, it was noted that Johnson's cardiovascular and pulmonary systems were within normal limits. (Id. at 5-6.) In short, Johnson has not carried his burden to show that he has a qualifying medical condition warranting compassionate release.

Upon the foregoing, Defendant Tyrone Bobo Johnson's motion for compassionate release (doc. 65) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of July, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4