IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 115-038 |
| | * | |
| TYRONE BOBO JOHNSON | * | |

**O R D E R**

On July 9, 2020, the Court denied Defendant Tyrone Bobo Johnson's motion to reduce sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) on alternative grounds.  First, the Court found that Johnson had not exhausted his administrative remedies.  Second, the Court found that Johnson had not demonstrated that he has a qualifying medical condition warranting compassionate release.

On July 14, 2020, Defendant filed a Reply Brief, which he had mailed prior to his receipt of the Order denying relief.  Defendant attached certain medical records thereto, but the Court had already considered the entirety of his inmate medical records as supplied by the Government when it denied his request for relief.  Defendant also attached his proof of exhaustion, submitting a copy of his request to the warden for compassionate release.  This request, however, is dated June 30, 2020, which only served as further evidence that Defendant had not exhausted administrative remedies

prior to filing his motion for compassionate release on May 18, 2020. The Court therefore did not address Defendant's request for relief any further after receiving this new information via his Reply Brief.

Now, Defendant moves for reconsideration of the Order denying compassionate release. Defendant attaches thereto his Reply Brief and supporting documentation, explicitly asking the Court to consider them.

First, in consideration of the issue of exhaustion, Defendant must realize that the requirement exists because the Bureau of Prisons is better positioned to assess an individual inmate's present circumstances than the district court. See United States v. Raia, Case No. 20-1033 (3d Cir. Jan. 3, 2020), Am. Opinion of Apr. 8, 2020, Doc. 25, at 8 (stating that "[g]iven BOP's shared desire for a safe and healthy prison environment, . . . strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance" in connection with the COVID-19 pandemic"). Neither § 3582(c) nor case law creates any special exception to the mandatory language that the BOP be given the first opportunity to consider any request for compassionate release. See Ross v. Blake, --- U.S. ---, 136 S. Ct. 1850, 1856 (2016) (finding that courts cannot ignore the mandatory language of the Prison Litigation Reform Act's exhaustion statute even to accommodate special circumstances). Thus, Defendant's motion for

2

compassionate release was appropriately denied for failure to exhaust administrative remedies, and the Court will not disturb this ruling.

Even though unnecessary, the Court will also address Defendant's argument that his hypertension and diabetes qualify him as having a serious medical condition. The Court first notes that the medical records only show that Defendant is prediabetic. This falls short of the Type 2 Diabetes Mellitus that the CDC lists as placing a person at greater risk of becoming severely ill should he contract COVID-19. See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on August 11, 2020). As for Defendant's hypertension, the CDC lists it as a condition that **"might be** at an increased risk for severe illness from covid-19." Id. (emphasis added). However, at this point, the Court is unwilling to conclude that a condition that "might" put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release. The Court's position here is buttressed by the fact that this Defendant has tested positive for COVID-19 without serious effect.

In short, the Court has reviewed Defendant's submissions of July 14 and 22, 2020, and remains convinced that he is not entitled

3

to compassionate release. Accordingly, his motion for reconsideration (doc. 71) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of August, 2020.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```